IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| SHERI L. BAKER | ) | |
| | ) | |
| v. | ) | NO: 3:16-0124 |
| | ) | |
| JP MORGAN CHASE BANK, N.A. | ) | |

TO: Honorable Aleta A. Trauger, District Judge

# REPORT AND RECOMMENDATION

By Order entered February 2016 (Docket Entry No. 2), the Court referred this *pro se* action to the Magistrate Judge, pursuant to 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, for entry of a scheduling order, decision on all pretrial, nondispositive motions, and a report and recommendation on any dispositive motions.

Presently pending before the Court is the motion to dismiss (Docket Entry No. 19) of Defendant JPMorgan Chase Bank, N.A. Plaintiff has filed a response in opposition (Docket Entry No. 22), as well as two motions for leave to amend her complaint. *See* Docket Entry Nos. 32 and 34. As set out below, the undersigned Magistrate Judge respectfully recommends that: (i) the motion to dismiss (Docket No. 19) be GRANTED IN PART AND DENIED IN PART; (ii) Plaintiff's first motion (Docket Entry No. 32) for leave to amend be DENIED; and, (iii) Plaintiff's second motion (Docket Entry No. 34) for leave to amend be GRANTED

## I. BACKGROUND

Sheri L. Baker ("Plaintiff") is a resident of Nashville, Tennessee. In 2012, she was a plaintiff in a prior federal lawsuit, *Baker, et al. v. JP Morgan Chase Bank, N.A., et al.*, M.D. Tenn No. 3:12-1222 ("the 2012 Lawsuit"), in which she and her husband unsuccessfully sued four institutional defendants and one person, claiming that the defendants had conspired to violate Plaintiff's legal

rights arising from Plaintiff's residential mortgage and had wrongfully sought to foreclose upon her home. The 2012 Lawsuit asserted claims under the Fair Debt Collection Practices Act, 42 U.S.C. §§ 1982 and 1983, the Fourteenth Amendment, principles of usury and contract law, and the Racketeer Influenced and Corrupt Organizations Act. On June 9, 2014, the 2012 Lawsuit was dismissed upon the motions to dismiss of the defendants in that action.[1] The dismissal of the lawsuit was later upheld upon appeal.[2]

On February 1, 2016, Plaintiff filed the instant *pro se* action against JPMorgan Chase Bank, N.A. ("Chase" or "Defendant"), which had also been sued in the 2012 Lawsuit. Plaintiff seeks actual, statutory, and punitive damages based on alleged violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq*. ("FCRA"). Plaintiff asserts that she discovered in March 2015 that her credit report contains information about a delinquent mortgage account, Account # 465188098 ****, for which Chase reports that it is the creditor. *See* Complaint (Docket Entry No. 1) at ¶¶ 12-15. Plaintiff contends that this information is not accurate because: 1) Chase was not the creditor for the loan account, but was merely a "take-out investor;" and, 2) the loan has been paid in full because Plaintiff gifted the promissory note for the loan to the United States Secretary of Treasury pursuant to 31 U.S.C. § 3113(a). *Id.* at ¶¶ 16 and 20. Plaintiff asserts that she contacted the three major credit reporting agencies to dispute this information, *id.* at ¶¶ 22 and at Exhibit C, and subsequently received a letter from Equifax, one of the credit reporting agencies, stating that Chase had verified the correctness of the account balance. *Id*. at ¶ 23, and Exhibit D. Plaintiff also asserts that she contacted Chase directly about the purported inaccurate information but that Chase has failed to correct the information. *Id*. at ¶¶ 21 and 24. Based upon these allegations, Plaintiff contends that Chase violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation into the accuracy of the

---

[1] *See* Memorandum and Order (Docket Entry No. 108 in the 2012 Lawsuit).

[2] *See* Order entered November 20, 2015, by the Sixth Circuit Court of Appeals (Docket Entry No. 133 in the 2012 Lawsuit).

2

disputed information in her credit report. *Id*. at ¶¶ 33 and 37. She further contends that Chase violated 15 U.S.C. § 1681e(b) and 15 U.S.C. § 1681i(a)(1). *Id*. at p. 8.

## II. MOTION TO DISMISS AND PLAINTIFFS RESPONSE

In lieu of an answer, Chase filed the pending motion seeking dismissal of the action under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Chase first argues that this lawsuit is barred by *res judicata* because Plaintiff's FCRA claims are simply a rehashing of the issues involved in the 2012 Lawsuit. *See* Defendant's Memorandum in Support (Docket Entry No. 20) at 5-6. Chase next argues that neither 15 U.S.C. § 1681e(b) nor 15 U.S.C. § 1681i(a)(1) impose any duties upon furnishers of information to credit reporting agencies and that Plaintiff's allegations do not support a claim that Chase failed to meet the reasonable investigation duties required by 15 U.S.C. § 1681s-2(b). *Id*. at 7-10. Chase contends that Plaintiff's own allegations show that Chase verified the disputed information with the credit reporting agency and that what Plaintiff is essentially complaining about is not a violation of the FCRA by Chase, but Chase's refusal to give credence to Plaintiff's assertion that her mortgage loan has been paid in full and that Chase was never a creditor for the loan. *Id*.

Plaintiff's response to the motion to dismiss is twofold. First, Plaintiff directly responds to the motion by, 1) disputing that *res judicata* bars her current FCRA claims, and, 2) arguing that her allegations are sufficient to support her FCRA claims. *See* Plaintiff's Response (Docket Entry No. 22). Chase has filed a reply to the response challenging Plaintiff's arguments, *see* Docket Entry No. 25, and Plaintiff has filed a sur-reply. *See* Docket Entry No. 30. Second, Plaintiff has filed motions for leave to amend her complaint. *See* Docket Entry Nos. 32 and 34. By the proposed amendments, Plaintiff seeks to amend her original complaint to revise the specific FCRA statutory provision under which she sues Chase. In her first proposed amended complaint, Plaintiff drops her previous FCRA claims for violations of 15 U.S.C. § 1681s-2(b), 15 U.S.C. § 1681e(b), and 15 U.S.C.

§ 1681i(a)(1), and assert only a claim for a violation of 15 U.S.C. § 1681s-2(8)(E)[3] based on allegations that Chase failed to report to Plaintiff the results of Chase's investigation into the accuracy of the disputed information. *See* Proposed First Amended Complaint (Docket Entry No. 32-1) at ¶¶ 23-28. In her second proposed amended complaint, Plaintiff maintains the claim set out in her first amended complaint and reasserts a claim under 15 U.S.C. § 1681s-2(b)(1). *See* Proposed Second Amended Complaint (Docket Entry No. 34-1) at ¶¶ 23-38.

Chase argues that the proposed amendments are futile because, 1) the new claim for a violation of 15 U.S.C. § 1681s-2(a)(8)(E) is not a legally cognizable claim, and 2) the reasserted claim under 15 U.S.C. § 1681s-2(b)(1) is unsupported by factual allegations that are sufficient to support the claim. *See* Docket Entry Nos. 33 and 35. Plaintiff has filed a reply in support of her proposed second amended complaint. *See* Docket Entry No. 36.

### III. STANDARDS OF REVIEW

For purposes of a motion to dismiss, the Court must take all the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 677, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 679. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

---

[3] The statutory provision referred to by Plaintiff does not actually exist, but the Court presumes that Plaintiff intends to refer to 15 U.S.C. § 1681s-2(a)(8)(E).

4

Plaintiff's motions for leave to amend were filed outside the time that would have permitted her to amend her complaint as a matter of course under Rule 15(a)(1) of the Federal Rules of Civil Procedure, and she has not obtained the opposing party's written consent for the proposed amendments. Accordingly, she must obtain leave of the Court to file an amendment to her complaint. *See* Rule 15(a)(2). Although Rule 15(a)(2) provides that leave to amend should be freely given "when justice so requires," leave to amend may be denied for an "apparent or declared reason," *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), including the futility of the proposed amendment. *Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006); *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005); *Thiokol Corp. v. Department of Treasury*, 987 F.2d 376 (6th Cir. 1993); *Marx v. Centran Corp.*, 747 F.2d 1536, 1550 (6th Cir. 1984); *Development Corp. v. Advisory Council on Historic Preservation*, 632 F.2d 21, 23 (6th Cir. 1980).

## IV. ANALYSIS

The FCRA was enacted "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit . . . in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information[.]" 15 U.S.C. § 1681(b). The FCRA places distinct obligations on three types of entities: (1) consumer reporting agencies; (2) users of consumer reports; and (3) furnishers of information to consumer reporting agencies. *Nelski v. Trans Union, LLC*, 86 Fed.App'x 840, 843-44 (6th Cir. 2004); *Carney v. Experian Info. Solutions, Inc.*, 57 F.Supp.2d 496, 500 (W.D.Tenn. 1999). A consumer is authorized to bring suit for willful or negligent violations of certain of the responsibilities enumerated by the statute. 15 U.S.C. §§ 1681n and 1681o. Plaintiff's claims are based upon Chase's actions as a furnisher of information under the FCRA.

The Court has reviewed both parties' filings and has viewed Plaintiff's *pro se* pleadings and filings with some measure of a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Given

Plaintiff's *pro se* status, the Court has considered both Plaintiff's proposed amended complaints in order to address all claims she attempts to raise. By her proposed amended complaints, Plaintiff has narrowed her claims to, 1) a claim for a violation of 15 U.S.C. § 1681s-2(a)(8)(E), and, 2) a claim for violations of 15 U.S.C. § 1681s-2(b)(1). *See* Docket Entry No. 34 at 3.

The first of these claims is readily dismissed. Although the subsections of Section 1681s-2(a) impose upon a furnisher of credit information certain duties related to the accuracy of the information the furnisher provides to a consumer reporting agency, a private legal cause of action does not exist for a violation of these duties. *See Bach v. First Union Nat. Bank*, 149 Fed.Appx. 354, 359 (6th Cir, Aug. 22, 2005); *Burgess v. Capital One Bank (USA), N.A.*, No. 3:09-0708, 2010 WL 1752028, *1 (M.D.Tenn. Apr. 30, 2010) (Haynes, J.); *Westbrooks v. Fifth Third Bank*, No. 3:05-0664, 2005 WL 3240614, *3, n.2 (M.D.Tenn. Nov. 30, 2005) (Campbell, J.); *Stafford v. Cross Country Bank*, 262 F.Supp.2d 776, 782-83 (W.D.Ky. 2003). Plaintiff's argument to the contrary, *see* Docket Entry No. 36 at 2-3, is simply erroneous and ignores the specific language set out in 15 U.S.C. § 1681s-2(c), which excludes violations of Section 1681s-2(a) from the private cause of action enabling provisions of 15 U.S.C. §§ 1681n and 1681o.

Plaintiff's second claim is based upon alleged violations of the duties a furnisher of information has under Section 1681s-2(b), the violation of which can be pursued via a private legal cause of action. *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 616 (6th Cir. 2012). 15 U.S.C. § 1681s-2(b)(1) provides as follows:

> (b) Duties of furnishers of information upon notice of dispute
>
>> (1) In general
>>
>> After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall--
>>
>> (A) conduct an investigation with respect to the disputed information;
>>
>> (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
>>
>> (C) report the results of the investigation to the consumer reporting agency;

> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
>
> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly--
>
>> (i) modify that item of information;
>>
>> (ii) delete that item of information; or
>>
>> (iii) permanently block the reporting of that item of information.

Plaintiff's Section 1681s-2(b) claim requires her to allege and prove: 1) that the duties under Section 1681s-2(b) were triggered by Chase's receipt of notice from a consumer reporting agency that the information at issue was being disputed by Plaintiff; and 2) that Chase did not comply with the statutorily required duties. *See Downs v. Clayton Homes, Inc.*, 88 Fed.App'x. 851, 853-54 (6th Cir. Feb. 9, 2004); *Burgess*, 2010 WL 1752028 at *2. Importantly, "the duty of a furnisher of credit information to investigate a credit dispute under Section 1681s-2(b) is triggered only after the furnisher receives notice of the dispute from a consumer reporting agency. Notification from a consumer is insufficient." *Westbrooks*, 2005 WL 3240614 at *4. Thus, Plaintiff's act of contacting Chase on her own about the disputed information fails to trigger any duties under Section 1681s-2(b). However, Plaintiff also asserts that she contacted the three major credit reporting agencies to dispute the reported delinquent mortgage account.

The Court finds no merit in Chase's argument that this claim is barred by *res judicata*. Even if the Court takes as true that Plaintiff is relying on the same or similar arguments that were raised in the 2012 Lawsuit as the basis for why she believes the information reported by Chase in her credit report is inaccurate, her claim under Section 1681s-2(b) did not arise until sometime in early 2015 after she learned about the information in her credit report and alerted the credit reporting agencies to a dispute about this information. *See Sweitzer v. Am. Express Centurion Bank*, 554 Fed.Supp.2d 788, 795-96 (S.D. Ohio 2008) (Section 1681s–2(b)(1) violation is triggered only upon a consumer

reporting agency providing notice to the furnisher of information that is disputed). Given that the 2012 lawsuit was dismissed in June 2014, nearly a year before Plaintiff's FCRA claim even existed, *res judicata* does not apply.

The Court is also not persuaded by Chase's second argument for dismissal. The second amended complaint, although not a model of factual clarity, can be reasonably read to support a plausible claim that Chase failed to perform its duties under Section 1681s-2(b)(1) after notice of the disputed information was provided to Chase from credit reporting agencies. The requirements imposed by Section 1681-2-(b)(1) are largely procedural. *See Boggio*, *supra*. The Court declines to recommend dismissal based on arguments that essentially require the Court to speculate on what may have happened. If there is evidence that can be presented to the Court supporting Chase's position that it satisfied its obligations under the FCRA, such evidence and argument are more properly brought before the Court by a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. While Plaintiff's claim may ultimately be shown to lack any factual or legal merit, the Court cannot say that Plaintiff's allegations are so lacking and conclusory that the claim against Chase under Section 1681-s(b)(1) warrants dismissal under Rule 12(b)(6).[4]

## RECOMMENDATION

Based on the foregoing, the undersigned Magistrate Judge respectfully RECOMMENDS:

1) Plaintiff's first motion (Docket Entry No. 32) for leave to amend be DENIED;

2) Plaintiff's second motion (Docket Entry No. 34) for leave to amend be GRANTED; and

---

[4]In opposing Plaintiff's motion for leave to file a second amended complaint, Chase relies solely on its futility argument, which, for the reasons stated herein, the Court finds unavailing. The Court also finds that there was no undue delay or bad faith on the part of Plaintiff, who is acting *pro se*, that would compel denial of the motion to amend. Nor does any undue prejudice result to Chase from permitting the amendments requested in Plaintiff's second motion to amend, particularly given that this case is still in the early stages. Finally, although Plaintiff 's first motion to amend her complaint was followed shortly thereafter by a second motion to amend, the Court does not find that these two requests rise to the level of repeated attempts to cure deficiencies that warrant denial of the motion to amend and dismissal of Plaintiff's claims.

3) the motion to dismiss (Docket Entry No. 19) of Defendant JPMorgan Chase Bank, N.A. be DENIED with respect to Plaintiff's claim under 15 U.S.C. § 1681s-2(b)(1) and be GRANTED as to any other claim Plaintiff brings under the Fair Credit Reporting Act.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                             Respectfully submitted,

                                             BARBARA D. HOLMES
                                             United States Magistrate Judge