# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| SHERI L. BAKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:16-cv-00124 |
| ) | Judge Aleta A. Trauger |
| JP MORGAN CHASE BANK NA d/b/a ) | |
| CHASE MORTGAGE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM

The magistrate judge issued a Report and Recommendation ("R&R") (Doc. No. 40) on January 30, 2017, recommending that the defendant's Motion to Dismiss (Doc. No. 19) be granted in part and denied in part, that the plaintiff's Motion for Leave to File Amended Complaint (Doc. No. 32) be denied, and that the plaintiff's Motion for Leave to File Second Amended Complaint (Doc. No. 34) be granted. Now before the court are the defendant's Objections (Doc. No. 43) to the R&R, arguing that the magistrate judge erred in finding that the plaintiff's claims are not barred by *res judicata* and in recommending, on that basis, both that the Motion to Dismiss be denied in part and that the plaintiff's second motion to amend be granted. The plaintiff has filed a response ("Reply to Defendant Opposition to Report and Recommendation") (Doc. No. 44).

When a party files objections to a magistrate judge's report and recommendation regarding a dispositive motion, the district court must review *de novo* any portion of the report and recommendation to which objections are properly lodged. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B) & (C). In conducting its review, the district court "may accept, reject, or

modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

The court has conducted a *de novo* review of the issue of *res judicata* but concurs with the magistrate judge's conclusion. Accordingly, the court will overrule the objections and accept the magistrate judge's recommendations.

**I.     Factual and Procedural Background**

In 2012, plaintiff Sheri L. Baker, a Tennessee resident, filed a prior lawsuit that was removed to this court by the defendants. *Baker v. JPMorgan Chase Bank, N.A.*, No. 3:12-cv-1222 (M.D. Tenn.) (hereinafter "2012 Lawsuit") (Notice of Removal, Doc. No. 1). In that action, Baker unsuccessfully sued one individual and four institutional defendants, including the defendant in this case, JP Morgan Chase Bank N.A. ("Chase" or "the bank"), alleging that the defendants had conspired to violate Baker's rights related to a residential mortgage and wrongfully sought to foreclose on her home, in violation of the Fair Debt Collection Practices Act, 42 U.S.C. §§ 1982 and 1983, the Fourteenth Amendment, Tennessee usury and contract law, and the Racketeer Influenced and Corrupt Organizations Act. The 2012 Lawsuit was dismissed upon the defendants' Motions to Dismiss. *Baker v. JPMorgan Chase Bank, N.A.*, No. 3:12-cv-1222, 2014 WL 2573308 (M.D. Tenn. June 9, 2014), *aff'd* (6th Cir. Nov. 20, 2015).

The gravamen of that action was that, when the plaintiff refinanced her home mortgage, she received nothing in the refinance, and her home mortgage was unlawfully converted into a Mortgage Backed Security. She alleged that Chase "stole" her note without paying lawful consideration and continued to charge the plaintiff 6% interest on a "phantom" loan. (2012 Lawsuit, Clarified Complaint ¶¶ 30, 33, 37, Doc. No. 45.) She claimed that Chase and the other defendants engaged in pay-off scheme that stripped the plaintiff of her interest in the Promissory

Note. (*Id.* ¶¶ 40– 53.)

Baker filed the original Complaint (Doc. No. 1) in this action against defendant Chase on February 1, 2016, asserting claims that are related to those set forth in the 2012 Lawsuit in that they involve the same mortgage loan. The plaintiff alleges that, when she inquired about obtaining a loan to purchase an "investment home" in March 2015, she discovered that her credit report contains information about a delinquent mortgage account for which Chase is shown as the creditor. (Compl. ¶¶ 12–15, Doc. No. 1.) The plaintiff contends that the information in her credit report is not accurate because (1) Chase was not the true creditor for the loan but was instead merely a "take-out investor"[1] (*id.* ¶¶ 16, 20(a) & (b)); and (2) the loan had been paid in full because the plaintiff had "gifted" the "public debt transaction" to the United States Secretary of Treasury pursuant to 31 U.S.C. § 3113(a) (*id.* ¶¶ 11, 20(c)). The plaintiff states that the Secretary "accepted the gift and the Note was paid pursuant to 31 USC 3113(d)." (*Id.* ¶ 11.)

The plaintiff contacted the three major consumer reporting agencies ("CRAs") to dispute the information in her credit report and to ask them to investigate the mortgage account. (*Id.* ¶¶ 14, 22 & Ex. C.) She later received a letter from one of the CRAs, confirming that Chase had verified that the account balance was reported correctly. (*Id.* ¶ 23 & Ex. D.) The plaintiff also communicated directly with employees of Chase, who refused to correct the allegedly inaccurate information and stated that Chase did not recognize discharge of the debt by the Secretary of the Treasury. (*Id.* ¶ 21, 24.)

Based on these allegations, the plaintiff asserted, in her original Complaint, that Chase had violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b), by failing to

---

[1] The Complaint defines "take-out commitment" as a "specific type of mortgage purchase agreement" under which "a long-term investor agrees to buy a mortgage from a mortgage banker at a specific date in the future." (Doc. No. 1, at 4.)

conduct a reasonable investigation into the accuracy of the disputed information in her credit report. (*Id.* ¶¶ 33, 37.) She also claimed that Chase had violated 15 U.S.C. §§ 1681e(b) (concerning the accuracy of credit reports compiled by CRAs) and 1681i(a)(1) (addressing the procedure for reinvestigations of disputed information in a consumer's file at a CRA). (*Id.* at 8.)

In lieu of answering, the bank filed a Motion to Dismiss and supporting Memorandum (Doc. Nos. 19, 20), arguing that the plaintiff's claims amount to a rehashing of the issues involved in the 2012 Lawsuit and, as such, are barred by the doctrine of *res judicata*. Substantively, Chase argues that § 1681e(b) and 1681i(a)(1) do not impose any duties on Chase as a furnisher of information to a credit reporting agency and that the undisputed allegations in the complaint establish that Chase complied with its reporting requirements under §1681s-2(b). Chase insists that the plaintiff is essentially complaining that Chase refused to give credence to her assertion that her mortgage loan was paid in full by the Department of Treasury and her claim that Chase was not the true creditor for the loan. (Doc. No. 20, at 7–10.)

The plaintiff responded to the motion, arguing that her claims are not barred by *res judicata* and that her factual allegations are sufficient to support her FCRA claims. (Doc. Nos. 21, 22). With the court's permission, the defendant filed a reply and the plaintiff, a surreply. (Doc. Nos. 25, 30.) Shortly thereafter, the plaintiff filed her first Motion for Leave to File Amended Complaint (Doc. No. 32) and then a Motion for Leave to File Second Amended Complaint (Doc. No. 34). In her proposed First Amended Complaint, the plaintiff drops her FCRA claims for violations of 15 U.S.C. §§ 1691s-2(b), 1681e(b), and 1681i(a)(1), and asserts only a claim under 15 U.S.C. § 1681s-2(a)(8)(E).[2] In her proposed Second Amended Complaint, the plaintiff maintains the claim under § 1681s-2(a)(8)(E) and reasserts a claim under 15 U.S.C.

---

[2] The plaintiff actually references § 1681s-2(8)(E), which does not exist. Construing the document liberally, the court presumes that she intended to refer to § 1681s-2(a)(8)(E).

§ 1681s-2(b)(1). She has not reasserted her claims under §§ 1681e(b) and 1681i(a)(1).

The defendant opposes both of the motions to amend as futile, arguing that the new claim under § 1681s-2(a)(8)(E) is not legally cognizable and that the claim under § 1681s-2(b)(1), besides being barred by *res judicata*, is insufficiently pleaded. (Doc. Nos. 33, 35).

In addressing the pending motions, the magistrate judge first concluded that the claims under 15 U.S.C. § 1681s-2(a)(8)(E) were "readily dismissed." (Doc. No. 40. at 6.) That provision governs the duties of a financial institution that furnishes information about a consumer to a CRA in responding to a notice of a dispute from a consumer regarding the accuracy of such information. *Id.* However, the statute does not provide the consumer with a private right of action to enforce any of the duties created by this provision. *Bach v. First Union Nat'l Bank*, 149 F. App'x 354, 359 (6th Cir. 2005) (citing *Stafford v. Cross Country Bank*, 262 F. Supp. 2d 776, 782–83 (W.D. Ky. 2003)).

The magistrate judge further found, however, that the plaintiff stated a colorable claim under § 1681s-2(b), a violation of which can be pursued by a private legal action. *Id.* The magistrate judge rejected Chase's arguments that this claim is barred by *res judicata* and that it is insufficiently pleaded, finding that the proposed Second Amended Complaint, "although not a model of factual clarity, can be reasonably read to support a plausible claim that Chase failed to perform its duties under Section 1681s-2(b)(1) after notice of the disputed information was provided to Chase from credit reporting agencies." (Doc. No. 40, at 8.) The magistrate judge therefore recommends that the defendant's first Motion for Leave to Amend be denied, the second Motion for Leave be granted, and that the defendant's Motion to Dismiss be granted in part and denied in part.

The defendant objects only to the magistrate judge's findings that the remaining claim

under § 1681-2(b)(1) is not barred by *res judicata*. The court therefore reviews *de novo* that conclusion.

**III. Discussion**

For *res judicata* to apply, the following elements must be present:

> (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their "privies"; (3) an issue in the subsequent action which was litigated or which *should have been litigated* in the prior action; and (4) an identity of the causes of action.

*Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009) (quoting *Bittinger v. Tecumseh Products Co.*, 123 F.3d 877, 880 (6th Cir. 1997)).

Here, the first and second elements are met, as this court entered a final judgment in 2014, as indicated above, and this subsequent action is between the same plaintiff and one of the defendants in the first action, Chase Bank. The defendant argues that the third element is met as well:

> In the first action, Plaintiff contended that Chase was not a valid creditor, that the original lender never actually loaned her money, and that her loan account was "phantom" or "bogus" due to some investment or securitization transaction. *See* 2012 Litigation, No. 3:12-cv-01222 Dkt. 45, ¶¶ 24-30, 40-53, 61-83. Because Plaintiff contended that she had no liability on the loan, she could—and should—have brought a FCRA claim based on reporting this loan as delinquent at that time. *Cf. id.* ¶¶ 52, 154 (alleging harm caused by credit reporting). She did not.

(Doc. No. 43, at 5.)

Contrary to the defendant's suggestion, a § 1681s-2(b) violation is triggered only upon a CRA's providing notice to the furnisher of information that the information is disputed. *Sweitzer v. Am. Express Centurion Bank*, 554 F. Supp. 2d 788, 795–96 (S.D. Ohio 2008). The plaintiff's lawsuit was dismissed in June 2014, but she alleges that she did not seek credit and discover allegedly false information in her credit file until 2015. Her FCRA claim did not arise until she discovered the allegedly false information and reported it to the CRAs, thereby triggering new

obligations on the part of Chase that did not previously exist.

As the magistrate judge correctly pointed out, "[t]he requirements imposed by § 1681s-2(b)(1) are largely procedural." (Doc. No. 40, at 8 (citing *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 616 (6th Cir. 2012)).) The provision requires "furnishers"—those who, like Chase, report financial information to the CRAs, upon receipt of a dispute, to conduct a "'fairly searching inquiry,' or at least something more than a cursory review" of the disputed information. *Boggio*, 686 F.3d at 616 (quoting *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147 (9th Cir. 2009)). Second, the furnisher must consider "all relevant information provided by the [CRA] pursuant to [§] 1681i(a)(2)." *Id.* Third, it must "report the results of [its] investigation to the [CRA] . . . irrespective of the outcome of the investigation" *Id.* at 617 (quoting § 1681s-2(b)(1)(C) (internal quotations omitted)). The statute then details the steps the furnisher must take if it determines that the consumer "information is incomplete or inaccurate." *Id.* (quoting § 1681s-2(b)(1)(D)).

To establish that the defendant is liable under § 1681s-2(b), the plaintiff need only prove that Chase "received notice from a [CRA] . . . that the credit information is disputed," *Downs v. Clayton Homes, Inc.*, 88 F. App'x 851, 853–54 (6th Cir. 2004), and that Chase willfully failed to comply with its statutory duties as outlined above. *See Burgess v. Capital One Bank (USA), N.A.*, No. 3:09-0708, 2010 WL 1752028, at *2 (M.D. Tenn. Apr. 30, 2010). In that regard, the plaintiff's proposed Second Amended Complaint alleges that Chase failed to comply with its duty to conduct a reasonable investigation and to review all the relevant information provided by the consumer reporting agency. (Proposed Second Am. Compl. ¶¶ 31–38, Doc. No. 34-1.)

The defendant's argument is that the basis for Baker's belief that the information contained in the credit report is inaccurate has already been litigated and resolved against her.

However, even assuming that the information in the plaintiff's credit report was not inaccurate, the question raised by the plaintiff's claim is whether the defendant conducted an adequate review and investigation of the disputed information and adequately reported the results of its investigation to the CRA.

In sum, regardless of the underlying basis for the plaintiff's disagreement with the information Chase reported to the CRAs, the plaintiff's FCRA claim did not arise until 2015, when she reported to a CRA that her credit report contained inaccurate information, the agency contacted Chase, and Chase allegedly failed to conduct a reasonable investigation into the accuracy of that information. The 2012 lawsuit was dismissed in June 2014, nearly a year before the events giving rise to the plaintiff's FCRA claim took place. The claim is not one that necessarily could or should have been brought in 2012. The court therefore rejects the defendant's argument that the plaintiff's claim is barred by *res judicata*.

**IV.     Conclusion**

The court will overrule the defendant's objections and accept the magistrate judge's recommendations. An appropriate order is filed herewith.

ALETA A. TRAUGER
United States District Judge