IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| SHERI L. BAKER | ) | |
| | ) | |
| v. | ) | NO: 3:16-0124 |
| | ) | |
| JP MORGAN CHASE BANK, N.A. | ) | |

TO:  Honorable Aleta A. Trauger, District Judge


# R E P O R T   A N D   R E C O M M E N D A T I O N


By Order entered February 1, 2016 (Docket Entry No. 2), this *pro se* action was referred to the magistrate judge, pursuant to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636, for entry of a scheduling order, decision on all pretrial, nondispositive motions, and a report and recommendation on any dispositive motions.

Presently pending before the court is Plaintiff's motion for a temporary restraining order and/or preliminary injunction (Docket Entry No. 53), to which Defendant has filed a response in opposition.  *See* Docket Entry No. 55.  For the reasons set out below, the undersigned magistrate judge respectfully recommends that Plaintiff's motion be denied.


## I.  BACKGROUND

Sheri L. Baker ("Plaintiff") is a resident of 165 Timber Ridge Drive, Nashville, Tennessee ("Timber Ridge Property").  On February 1, 2016, she filed the instant *pro se* action against JPMorgan Chase Bank, N.A. ("Chase" or "Defendant"), seeking actual, statutory, and punitive damages under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. ("FCRA").

Plaintiff alleges that when she inquired about obtaining a loan to purchase an "investment home" in March 2015, she discovered that her credit report contained information about a delinquent mortgage account for which Chase is shown as the creditor.  *See* Complaint (Docket Entry No. 1) at ¶¶ 12–15.  She contends that the information is not accurate because: 1) Chase was not the true

creditor for the loan but was instead merely a "take-out investor" *id*. at ¶¶ 16 and 20(a) & (b); and, 2) the loan had been paid in full because Plaintiff had "gifted" the "public debt transaction" to the United States Secretary of Treasury pursuant to 31 U.S.C. § 3113(a). *Id*. at ¶¶ 11 and 20(c).

Plaintiff contacted the three major consumer reporting agencies ("CRAs") to dispute the information in her credit report and to ask them to investigate the mortgage account. *Id*. at ¶¶ 14 and 22, and Exhibit C. She later received a letter from one of the CRAs, confirming that Chase had verified that the account balance was reported correctly. *Id*. at ¶ 23, and Exhibit D. Plaintiff alleges that she also communicated directly with employees of Chase, who refused to correct the allegedly inaccurate information and stated that Chase did not recognize discharge of the debt by the Secretary of the Treasury. *Id*. at ¶¶ 21 and 24.

Based on these allegations, Plaintiff originally claimed that Chase had violated the Fair Credit Reporting Act, specifically 15 U.S.C. § 1681s-2(b), by failing to conduct a reasonable investigation into the accuracy of disputed information in her credit report. *Id.* at ¶¶ 33 and 37. She also claimed that Chase had violated 15 U.S.C. §§ 1681e(b) (concerning the accuracy of credit reports compiled by CRAs) and 1681i(a)(1) (addressing the procedure for reinvestigations of disputed information in a consumer's file at a CRA). *Id.* at 8.[1]

By Order entered March 3, 2017 (Docket Entry No. 46), the court granted in part and denied in part a motion to dismiss that was filed by Defendant in lieu of an answer. Although Plaintiff was permitted to file a second amended complaint (Docket Entry No. 47), all claims raised by Plaintiff were dismissed except for a single claim that Defendant violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation and perform the statutory duties required by that provision after notice of the disputed information was provided to Defendant from the CRAs. *See* Order at 2, and

---

[1] In a prior lawsuit that was removed to this Court, *Baker v. JP Morgan Chase Bank, N.A., et al.*, M.D. Tenn No. 3:12-1222, Plaintiff had previously sued Chase and others based on various claims that the defendants conspired to violate Plaintiff's legal rights arising from the residential mortgage for Plaintiff's home on Timber Ridge Drive and had wrongfully sought to foreclose upon the home. The 2012 lawsuit was dismissed upon the defendants' motions. *Baker v. JPMorgan Chase Bank, N.A.*, 2014 WL 2573308 (M.D. Tenn. June 9, 2014), *aff'd* (6th Cir. Nov. 20, 2015).

Memorandum (Docket Entry No. 45). Chase has now filed an answer (Docket Entry No. 49) and a scheduling order has been entered. *See* Docket Entry No. 50.

## II. PLAINTIFF'S MOTION AND CONCLUSIONS

By her motion, Plaintiff requests an order from this court enjoining Defendant from proceeding with a foreclosure sale of the Timber Ridge Property, which Plaintiff asserts is scheduled to take place on May 25, 2017. *See* Docket Entry No. 53. Although Plaintiff states that foreclosure proceedings were initiated in February 2016, she asserts that after the motion to dismiss was resolved and "Chase concluded that it could loose (sic) the case it immediately initiated foreclosure proceedings." *Id*. at 1-2. Plaintiff contends that her likelihood of success on her FCRA claim, coupled with other factors, entitles her to the preliminary injunctive relief she seeks.

Temporary restraining orders and preliminary injunctions are considered preventive, prohibitory, or protective measures taken pending resolution on the merits, *see Clemons v. Board of Educ.*, 228 F.2d 853, 856 (6th Cir. 1956), and are extraordinary relief. *Detroit Newspaper Publishers Ass'n v. Detroit Typographical Union No. 18, Int'l Typographical Union*, 471 F.2d 872, 876 (6th Cir. 1972). Plaintiff, as the moving party, has the burden of proving that the circumstances "clearly demand" a preliminary injunction. *Overstreet v. Lexington–Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). Under Rule 65 of the Federal Rules of Civil Procedure, a plaintiff seeking a preliminary injunction must establish that she is likely to succeed on the merits, that she is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in her favor, and that an injunction is in the public interest. *Winter v. Nat'l Resources Def. Council, Inc.*, 555 U.S. 7, 20, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008). "Although no one factor is controlling, a finding that there is simply no likelihood of success is usually fatal." *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000); accord *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997).

That is precisely the circumstance here. Plaintiff cannot establish a likelihood of success on the merits because the FRCA offers no means to indirectly attack the foreclosure proceedings on the Timber Ridge Property. Additionally, the remedies available under the FCRA are damages, attorneys' fees, and punitive damages. 15 U.S.C. §§ 1681n and 1681o. Private parties are not entitled to injunctive relief under the FCRA. *Washington v. CSC Credit Services, Inc.*, 199 F.3d 263 (5th Cir. 2000); *Huff v. Telecheck Servs., Inc.*, 2015 WL 136303, *1 (M.D. Tenn. Jan. 9, 2015) (Campbell, J.). *See also Kafele v. Lerner Sampson & Rothfuss, L.P.A.*, 62 Fed.App'x 584, 585 (6th Cir. 2003) (injunctive relief to void a state foreclosure proceeding was not an available form of relief for claims of statutory violations of the Fair Debt Collections Practices Act).

Further, a basic showing necessary for obtaining a preliminary injunction is some relationship between the conduct at issue in the claims alleged and the injury sought to be prevented by the requested injunctive relief. *Colvin v. Caruso*, 605 F.3d 282, 299-300 (6th Cir. 2010). This requisite showing is absent here because the injunctive relief sought by Plaintiff is essentially unrelated to her FCRA claim. This case involves a narrow statutory claim under the FCRA, not the legality of the purported foreclosure proceedings or Defendant's right to foreclose. Whether or not Defendant complied with the procedural and investigative duties imposed by the FCRA has no bearing on the foreclosure Plaintiff seeks to enjoin. Even if Plaintiff succeeds in showing that Defendant failed to comply with the requirements of 15 U.S.C. § 1681s-2(b), she would not be entitled to any type of relief that would enjoin foreclosure proceedings. This missing nexus is further underscored by the fact that injunctive and equitable relief are unavailable to Plaintiff under the FCRA altogether.

For all of these reasons, Plaintiff's motion is devoid of merit. Rejection of the motion is therefore warranted without an extensive analysis of the other Rule 65 factors.[2]

---

[2]Plaintiff's motion is also properly denied because it fails to substantiate either a likelihood of success or irreparable harm by affidavit or verified complaint, as required by Rule 65. Accordingly, there is no basis for findings as to these factors. *See Alahverdian v. Nemelka*, No. 3:15-cv-060, 2015 WL 770278, at *1 (S.D. Ohio Feb. 23, 2015), reconsideration denied, No. 3:15-cv-060, 2015 WL 1276453 (S.D. Ohio Mar. 19, 2015). While Plaintiff is allowed some leniency, her status as a *pro se* plaintiff does not excuse her from compliance with relevant rules of procedural and substantive law. *Felts v. Cleveland Hous. Auth.*,

**RECOMMENDATION**

Based on the foregoing, the undersigned magistrate judge respectfully RECOMMENDS that Plaintiff's motion for a temporary restraining order and preliminary injunction (Docket Entry No. 53) be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge

---

821 F. Supp. 2d 968, 970 (E.D. Tenn. 2011)